**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

```
JOHN M. NICOL and CARILLON P. )
NICOL,                        )
                              )
            Plaintiffs,       )   No. 03:13-cv-01903-HU
                              )
vs.                           )
                              )
WELLS FARGO BANK, N.A., and   )   FINDINGS AND RECOMMENDATION
CAL-WESTERN RECONVEYANCE      )   ON MOTION FOR SUMMARY JUDGMENT
CORPORATION,                  )
                              )
            Defendants.       )
     _____
```

Matthew C. Daily
13425 S.W. 72nd Avenue
Portland, OR 97223

    Attorney for Plaintiffs


Robert J. Bocko
Daniel J. Park
Keesal Young & Logan
1301 Fifth Avenue, Suite 3300
Seattle, WA  9811-2603

    Attorneys for Defendants


HUBEL, United States Magistrate Judge:

    This case was removed from Multnomah County Circuit Court on the basis of diversity jurisdiction. Dkt. #1. In their bare-bones Complaint, filed July 2, 2013, in state court, the Plaintiffs allege: (1) they own a residence purchased with funds borrowed from the defendant Wells Fargo Bank, N.A. ("Wells Fargo"); (2) Wells Fargo "subsequently assigned the deed of trust and the note to third parties," and appointed the defendant Cal-Western

Reconveyance Corporation ("Cal-Western") as successor trustee under the deed of trust; (3) Wells Fargo failed to record the assignment in Multnomah County; and (4) Cal-Western recorded a notice of default, and proceeded with non-judicial foreclosure of the Plaintiffs' residence. The Plaintiffs seek a declaratory judgment that Cal-Western lacked the authority to initiate non-judicial foreclosure proceedings, and therefore the non-judicial foreclosure is void. *See* Dkt. #1-1, ECF pp. 4-6.

On the same day they filed their Complaint, the Plaintiffs' attorney Matthew C. Daily filed a "Declaration in Support of Motion for Consolidation of Cases." *See* Dkt. #1-1, ECF pp. 7-9. (No separate motion to consolidate was filed.) In the declaration, Mr. Daily stated Wells Fargo had "filed a forcible entry and detainer action to evict [the Plaintiffs] from their residence on the basis of a trustee's deed issued after a non-judicial fore-closure sale." *Id.*, ECF p. 7. Mr. Daily stated the Plaintiffs' declaratory judgment action and Wells Fargo's FED action both involved the validity of the foreclosure sale. However, he argued discovery is not available in an FED action, so the Plaintiffs would be precluded from litigating their case fully in the FED action. Mr. Daily argued, therefore, that consolidation of the cases would allow both parties a full and fair opportunity to litigate their claims, and "[i]t would be most efficient, and afford the parties the most effective relief, to have both actions tried together." *Id.*, ECF p. 8.

Before the state court had ruled on the motion to consolidate, Wells Fargo removed the Plaintiffs' declaratory judgment action to this court. Dkt. #1. On January 16, 2014, Wells Fargo filed a

2 - FINDINGS & RECOMMENDATION

Motion for Summary Judgment. Dkt. #5. When the Plaintiffs failed to file a response, the undersigned held a telephonic status conference with Mr. Daily and counsel for Wells Fargo.[1] During the status conference, which occurred on February 11, 2014, Mr. Daily stated he had only agreed to represent the Plaintiffs through the filing of their action in State court.[2] He indicated the Plaintiffs were preparing a *pro se* response to Wells Fargo's motion that would be filed through Mr. Daily's office. Wells Fargo agreed to this unusual procedure, although it opposed any further extension of time for the Plaintiffs to file their response. The undersigned ordered that if the Plaintiffs failed to respond to Wells Fargo's motion for summary judgment by February 24, 2014, the court would take the motion under advisement with no response from the Plaintiffs. *See* Dkt. #9. The Plaintiffs failed to file any response to Wells Fargo's motion, and the court took the motion under advisement on February 26, 2014. Dkt. #10.

Although the parties verbally gave their consent to have this case decided by a Magistrate Judge, written consent forms have not been filed in the case. Accordingly, the undersigned submits findings and recommendations on disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

/ / /

/ / /

---

[1] The Defendant Cal-Western has not been served in this case, and apparently was never served in the state court case.

[2] In its Motion for Summary Judgment, Wells Fargo claims Mr. Daily indicated "he needs to withdraw from the case but has not had time due to a medical problem." Dkt. #5, ECT p. 1.

3 - FINDINGS & RECOMMENDATION

### ***DISCUSSION***

Wells Fargo argues the present case is barred by the doctrine of *res judicata*, because this action involves the same parties and claims as a prior lawsuit filed by the Plaintiffs, which was dismissed with prejudice by this court. *See Nicol v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1067 (D. Or. 2012) (Simon, J).

In *Nicol*, the Plaintiffs sought to enjoin the non-judicial foreclosure of their home. They also asserted claims for violation of federal and state consumer protection laws, and common-law claims. The Defendants filed a motion to dismiss and/or for summary judgment. As in the present case, the Plaintiffs failed to respond to the motion.

On March 8, 2012, Judge Simon ruled that all of the Plaintiffs' claims were barred. He held the Plaintiffs' state-law claims were preempted by federal law, and the Plaintiffs' claims under the federal Truth in Lending Act were untimely. He therefore dismissed the case with prejudice. *Id.*, 857 F. Supp. 2d at 1070-72.

On July 30, 2012, the Plaintiffs filed another *pro se* lawsuit, seeking to enjoin the foreclosure proceedings and the scheduled trustee's sale. In that case, the Plaintiffs named Wells Fargo and Cal-Western as defendants, as well as several other entities and numerous individuals. *See Nicol v. World Savings Bank FSB*, Case No. 03:12-cv-01364-MO). When the Plaintiffs were unable to locate counsel to represent them, they moved to dismiss the case without prejudice. *Id.*, Dkt. #21. Judge Mosman granted the Plaintiffs' motion, and dismissed the case without prejudice on December 14, 2012. *Id.*, Dkt. #22.

4 - FINDINGS & RECOMMENDATION

On July 9, 2013, the Plaintiffs filed the instant case in Multnomah County. The foreclosure sale of the subject property having occurred, the Plaintiffs now seek a declaratory judgment that the sale was improper. In Wells Fargo's motion for summary judgment, it argues the Plaintiffs' claims are barred by *res judicata*, relying on Judge Simon's decision in *Nicol*. Dkt. #6.

I recently had the opportunity to discuss the standards governing *res judicata*, in *Fairbank v. Underwood*, ___ F. Supp. 2d ___, 2013 WL 6470987 (D. Or. Dec. 8, 2013) (Hubel, MJ), as follows:

> When addressing the preclusive effect of a federal court judgment, which is what this Court is being asked to do, federal courts are required to apply federal *res judicata* rules. *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir. 1987) (recognizing that the *res judicata* impact of a federal judgment is a question of federal law). Under federal law, "*[r]es judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). For the doctrine to apply, "there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Id.*

*Fairbank*, 2013 WL 6470987, at *6.

Applying these standards to the present case, the second and third elements for preclusion clearly are met. The parties in *Nicol* and in the present case are identical, and a final judgment on the merits was entered. The first element requires "an identity of claims." Both cases involve the Plaintiffs' attempt to prevent non-judicial foreclosure and sale of their residence; however, the cases involve different claims.

5 - FINDINGS & RECOMMENDATION

*Nicol* was brought prior to completion of the non-judicial foreclosure process. The sale of the Plaintiffs' residence had not yet occurred. The Plaintiffs' arguments in *Nicol* concerned allegedly deceptive practices related to a refinance loan the Plaintiffs obtained from World Savings Bank FSB (which subsequently changed its name to Wachovia Mortgage FSB, and then became a division of Wells Fargo). *See Nicol*, 857 F. Supp. 2d at 1068. Judge Simon described the Plaintiffs' claims in *Nicol* as follows:

> Plaintiffs allege that World Savings engaged in the deceptive practice of selling them a loan based upon a low, fixed interest rate when in fact the loan had a variable rate feature with payment caps. . . . Plaintiffs allege further that World Savings failed to inform them that the loan "was designed to, and did, cause negative amortization to occur." . . . Rather, Plaintiffs allege, during the loan application process, World Savings "represented to Plaintiff[s] that in accepting the loan terms set forth in the Note," Plaintiffs "would be able to lower their mortgage payments and save money." . . . Plaintiffs allege that they reasonably believed, "based on the representation contained in the documents Defendant provided to Plaintiff[s]," that Plaintiffs would be able to refinance and get a new loan "before their scheduled payments significantly increased."

*Id.*, 857 F. Supp. 2d at 1068-69 (citations to court documents omitted). On these facts, the Plaintiffs brought claims for violation of the federal Truth in Lending Act, violation of the Oregon Unfair Trade Practices Act, breach of contract, and fraudulent omissions. *Nicol*, 857 F. Supp. 2d at 1068.

The Plaintiffs' claims in *Nicol* were different from their claims in the present case. The present case was filed after completion of the non-judicial foreclosure proceedings, and after sale of the Plaintiffs' residence. In this case, the Plaintiffs

6 - FINDINGS & RECOMMENDATION

allege Wells Fargo never recorded any assignment of the deed of trust to Cal-Western, and therefore, Cal-Western lacked the legal authority to proceed with non-judicial foreclosure of the Plaintiffs' residence. *See* Dkt. #1-1, ECF pp. 4-6.

Nevertheless, the pertinent question here is whether the Plaintiffs *could have brought* their claims in the prior lawsuit. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing, *inter alia*, *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 198, 101 S. Ct. 2424, 2427-28, 69 L. Ed. 2d 103 (1981)). Unquestionably, they could have. At the time of the first lawsuit, the Plaintiffs were embroiled in the non-judicial foreclosure process. The non-judicial foreclosure was being pursued by Cal-Western. Whether that process had been completed or not, the Plaintiffs could have made the same argument challenging Cal-Western's legal authority to proceed with judicial foreclosure. Thus, because the Plaintiffs could have brought their claim in the prior action, the court finds claim preclusion applies to preclude the Plaintiffs from bringing their claim in the present case. The Plaintiffs have offered no argument to the contrary.

### *CONCLUSION*

The undersigned finds the Plaintiffs' claims in the present case are precluded. Therefore, Wells Fargo's motion for summary judgment should be granted, and this case should be dismissed *with prejudice*.

/ / /
/ / /
/ / /

7 - FINDINGS & RECOMMENDATION

***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **June 2, 2014**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **June 19, 2014**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 13th day of May, 2014.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

8 - FINDINGS & RECOMMENDATION